IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEEM ALBERT WALKER-BORDEN,  :  Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-01581-JDW |
| TRACY TRIPP, : | |
| Defendant. : | |

### MEMORANDUM

Alleem Albert Walker-Borden asks me to vacate a conviction on charges against him in Delaware County and asserts constitutional claims against his former public defender Tracy Tripp. Neither claim is viable under federal civil rights law, so I will dismiss both of them. Because I see no basis for Mr. Walker-Borden to salvage his claims through an amended pleading, I will not give him leave to file one.

**I.     FACTUAL ALLEGATIONS**

In July 2024, Mr. Walker-Borden faced criminal charges in Delaware County, Pennsylvania, for firearms possession. Jury selection for his case occurred on July 17, 2024. After the Common Pleas Court empaneled the jury, Ms. Tripp pressured Mr. Walker-Borden to accept a plea deal, even though he wanted to go to trial. He did, and the public docket reflects that he received a sentence of three to six years in prison. *See Com. v. Borden*, CP-23-CR-2675-2022 (C.P. Delaware). Several days later, he decided he wanted to withdraw his guilty plea, but Ms. Tripp told him that the court would not let him and refused to file motion. Mr. Walker-Borden called a different lawyer, who filed the motion,

but the court denied it as untimely. He asserts claims for violations of his Fifth, Sixth, and Fourteenth Amendment rights, and a state law claim for legal malpractice. He also seeks dismissal of the Delaware County charges pending against him.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

### A.   *In Forma Pauperis*

Mr. Walker-Borden has filled out the required paperwork and demonstrated that he cannot afford to prepay the required fees. I will therefore grant him leave to proceed *in forma pauperis*. Because he is a prisoner, he will still have to pay the fees in increments, regardless of the outcome of this case.

### B.   **Plausibility Of Claims**

Mr. Walker-Borden asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1.   **Vacatur of conviction**

Mr. Walker-Borden seeks dismissal all of the charges in Delaware County, which I take as a request to vacate his sentence. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500

(1973). I will therefore dismiss this claim without prejudice to Mr. Walker-Borden filing a *habeas corpus* petition seeking this relief after exhausting state remedies.

### 2. Constitutional claims against Ms. Tripp

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Because Ms. Tripp is not a state actor, her actions cannot give rise to a claim for violation of Constitutional rights under Section 1983, so I will dismiss Mr. Walker-Borden's constitutional claims against her with prejudice.

### C. State Law Claims

Having dismissed Mr. Walker-Borden's federal claims, I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Mr. Walker-Borden's state law claim. And there does not appear to be an independent basis for federal jurisdiction over that claim because Mr. Walker-Borden does not allege that he and Ms. Tripp are from different states, nor does there appear to be a basis for him to do so. That means this Court has no jurisdiction to hear the state law claims, so will dismiss them without prejudice.

## IV.    CONCLUSION

I will grant Mr. Walker-Borden leave to proceed without prepaying the filing fees. I will dismiss his claims asking me to vacate his state sentence and against Ms. Tripp with prejudice and his state law claims without prejudice. I will not give him leave to amend because there is no amendment that could cure the flaws with his pleading. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 31, 2025